[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Ann B. Lunn, seeks temporary and permanent injunctive relief prohibiting the defendant, The Tokeneke Association, Inc. ("Association") from refusing to consider her request for permission to subdivide a lot she owns in the area in Darien emcompassed by the Association. She further seeks a judgment declaring that the Association has authority to review and issue a decision as to the request to subdivide and to build a house on the resulting lot. CT Page 4593
The plaintiff has complied with an order of the court (Ballen, J) requiring her to provide notice to all persons having an interest in the subject matter of the complaint pursuant to 390(d) P.B., and the date specified for the filing of an appearance by interested parties has passed. The court finds that in addition to providing the required written notice to the abutting property owners, Mr. and Mrs. C. Bennett Norman, the plaintiff, through her counsel, notified their attorney of the date of this hearing.
At issue is the following restrictive covenant in the deed to the plaintiff's property:
 2. That said premises are not to be used for any business purpose whatsoever, or for any purpose other than a strictly private residence, and they are not to be subdivided for the purpose of sale or transfer, and no sewer, cesspool, or drain shall be constructed, used, maintained, or permitted thereon (other than for surface water), unless approval be first obtained in the manner plans and location of any building before erecting the same on said premises.
The reference to a review process is to the following provision:
 That the premises are also conveyed subject to the following express conditions and provisions:
 1. That the plans, specifications, and location of any and all buildings and installations to be constructed on the premises hereby conveyed shall be submitted to and approved by said Grantor, acting through its President or Treasurer or successor of said Corporation, or the assignee of said Corporation's right and interest to the roads, ways, drives, and avenues, at Tokeneke, so-called, in said Town of Darien.
At the urging of the court, the parties agreed to present in a single hearing the claims both for preliminary relief and final relief.
The court finds that the property on Scott's Cove which the plaintiff wishes to subdivide was created in 1958 from the subdivision of a larger tract owned by one Robert Cudd, who received permission to subdivide from Norton, Inc., his grantor and the originator of the restrictive covenants set forth above. The court further finds, based on the stipulation of CT Page 4594 the parties, that the Association is the successor to Norton, Inc. as to the restrictive covenants set forth above.
In January 1990, after obtaining approval from the Town of I Darien of a request to subdivide the property, the plaintiff requested that the Association review and approve the proposed subdivision and plans to construct a home. The Association has refused to do so, taking the position that it is not empowered to review or approve the proposal.
According to Rarden D. Bevill, who was the Association's President at the time the plaintiff submitted her request, the Association's view was that the terms of the restrictive covenant at issue provide for review of construction of sewers, cesspools, and certain drains but that the provision for approval does not relate to those clauses of the covenant which refer to the use on the premises or to subdivision of the property. The defendant does not challenge the validity of the restrictive covenant, but merely interprets it as not providing for review by the Association of a proposal to subdivide. While the plaintiff also seeks a declaratory judgment to the effect that the covenant does not constitute an absolute prohibition to subdivision of the property in fact, the defendant does not take the position that it does so that there is no actual dispute in that regard and no occasion for the adjudication sought in paragraph 1 of the plaintiff's prayer for relief.
The Association's present uncertainty as to its power to review proposed subdivisions does not accord with its interpretation of the restrictive covenant in the past. In 1985, the plaintiff and her co-tenant, Nancy Glanville, sought to subdivide a larger parcel for a transfer into two sections, each to be owned separately. The Association took the position that it had the power to review the proposed subdivision, and it approved the proposal (Ex. F). In April 1959, when a prior owner, Robert Cudd, sought approval of a subdivision of a larger tract that included the property now at issue, the Board of Directors of Norton, Inc. the entity whose successor the Association has been stipulated to be, treated the request as one subject to approval under the portion of the restrictive covenant now at issue.
The plaintiff has received subdivision approval from the Town of Darien but has been delayed in acting on that approval because of the Associations refusal to review her proposal. The plaintiff presented credible testimony of a lawyer employed by a real estate title insurance company to the effect that neither mortgage financing nor title insurance could be obtained as to the subdivided lot until the plaintiff could CT Page 4595 demonstrate compliance with the requirement that her proposal be reviewed and approved by the Association. The subdivision approval issued by the Town of Darien will expire on May 16, 1991.
The meaning and effect of a provision in a deed is to be determined not by the actual intent of the parties but by the intent expressed in the deed, considering all its relevant provisions and reading it in the light of the surrounding circumstances, Kelly v. Ivler, 187 Conn. 31, 39 (1982).
The parties have presented no clearly relevant evidence as to the circumstances that surrounded the inclusion of the contested restrictive covenant in the deed from Norton, Inc. of five acres in an area known as Tokeneke to Robert L. Cudd in 1950. The defendant introduced into evidence the deed from Norton, Inc. to Rardon Bevill and Cornelia Bevill, with the view that the scope of the review power in the Lunn deed might be revealed if there were similar provision in other deeds. While the Bevill deed contains the same provisions as the Lunn deed with regard to approval of buildings and cesspools, it does not contain any provision concerning prior approval of subdivisions, however, the court was presented with no basis for determining whether that omission was the result of some unrelated fact, for example, that the nature of the Bevill parcel was such that subdivision was so unlikely that no provision concerning it was necessary. Where, as here, the original grantor may have had different concerns about the future use of different parcels in the same area, the relevant document is the deed for the property actually at issue, not those for other properties in the vicinity.
This court finds that the grammar of paragraph 2 of the Lunn deed, set forth above, suggests that all of the prohibitions are subject to the clause "unless approval be first obtained in the manner hereinbefore provided for the approval of the plans and location of any building before erecting the same on such premises." Had the grantor meant to segregate construction of sewers and the like as the sole183 Conn. 337, 340 (1981). Whether an injury is irreparable depends more on the nature of the right affected than on precuniary loss suffered. Cummings v. Tripp, 204 Conn. 67, 90
(1987).
The defendant has not established that there is an adequate legal remedy available to the plaintiff, and the nature of the injury — t- the virtual stalemate in pursuit of her plans to build a house for herself on the land in question — make injunctive relief appropriate. CT Page 4596
To the extent that it is appropriate to balance the harm to the plaintiff and the harm that might result to the defendant from the granting of injunctive relief (see Dukes v. Durante,192 Conn. 207, 225 (1984), the court finds that the only countervailing harm identified is the Association's fear that if it undertakes a review of the proposed subdivision it may be exposed to objections and ligation by area residents who disagree with the outcome. The court finds that the fear of future challenge to the Association's position does not outweigh the plaintiff's right to obtain a resolution of her position.
The defendant is hereby ordered to review the plaintiff's request for approval of her planned subdivision or advise her in writing that it waives any right to do so. Compliance with this order shall take place no later than March 1, 1991.
The declaratory relief requested by the plaintiff is denied as moot for the reason that the defendant has not taken the position that the covenant precludes all subdivisions.
BEVERLY J. HODGSON, JUDGE